In the Matter of IRVING ROTHENBERG (Also Known as IRVING J. ROTHENBERG), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 14, 1961.

*Raymond P. Whearty* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Louis Tannenbaum* for respondent.

*Per Curiam.* Respondent, age 53 years, was admitted to the Bar in the Second Judicial Department on November 8, 1933. He is charged with professional misconduct in that he neglected the interests of clients in four personal injury actions and neglected to file statements of retainers in such cases. Respondent admitted his neglect.

The testimony of the respondent before the Referee was frank and forthright. It is admitted that the statements of retainer were not filed. None of the matters involved was of great consequence in either property damage or in the claimed injuries; and the respondent evidently entertained well-founded doubts as to whether some of them should have been prosecuted further. However, these facts do not excuse the negligence of the respondent.

In one of the matters the client retained other counsel and the case was settled. In another, respondent fully compensated the client. In a third an offer of settlement was made and transmitted by respondent to his clients. This offer was not accepted and subsequently the cause was dismissed for failure to prosecute. In the fourth matter, a case of doubtful liability, there was an oral retainer and, at least in part, a lack of co-operation on the part of respondent's clients. There is testimony that a requested medical certificate was never forthcoming, and no action was ever instituted.

Aside from, in some instances, a lack of co-operation by the clients, there are a number of extenuating circumstances present. After respondent's honorable discharge from military service

he, as a single practitoner, encountered difficulty in re-establishing his practice, and during this time had to accept outside employment. Papers relating to some of these matters were mislaid during this interval, because the building in which he had an office was being demolished and it was necessary for respondent to obtain other quarters. Additionally, there was the serious illness of his mother (now deceased), a semi-invalid whom he supported. Moreover, these are the only charges ever brought against respondent.

The report of the Referee should be confirmed. The respondent's neglect and his failure to file the required statements of retainer constitute unprofessional conduct. Respondent should be censured. (*Matter of Marfeo,* 274 App. Div. 21; *Matter of Maness,* 7 A D 2d 122; *Matter of Shelton,* 7 A D 2d 135.)

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Respondent censured.